IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL ROWE,

        Plaintiff,                             CV F 07 0272 LJO WMW PC

        vs.                                   ORDER DISMISSING
                                           FIRST AMENDED COMPLAINT
                                           WITH LEAVE TO AMEND

MONTOYA,, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the April 4, 2008, first amended complaint, filed in response to the March 17, 2008, order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Sacramento, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

        In the order dismissing the original complaint, the Court noted the following. Plaintiff's claim in this complaint is that he was denied adequate medical care. Plaintiff names as defendant Registered Nurse Montoya, the Chief Medical Officer, the Warden, and the Appeals Coordinator.

On October 11, 2006, Plaintiff reported to sick call. Plaintiff informed Montoya that he had allergies, and was experiencing allergy-like symptoms - watery eyes, stuffy nose, and difficulty breathing. Montoya told Plaintiff there was nothing that could be done, and "brushed me off."

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must

examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff was advised that he failed to allege sufficient facts to hold Defendant Montoya liable. Plaintiff failed to allege facts indicating that Montoya knew of a serious risk to Plaintiff's health, and acted with deliberate indifference to that risk, resulting in injury to Plaintiff.

Plaintiff was also advised that as to the remaining defendants, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any facts indicating that any of the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The court found the allegations in plaintiff's to be complaint vague and conclusory. The court determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Plaintiff was advised that he must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint was dismissed.

The April 4, 2008, first amended complaint re-states the allegations of the original complaint. Plaintiff alleges that he was denied medical attention for his allergies by Defendant Montoya. Such an allegation, with nothing more, fails to state a claim for relief. Plaintiff must allege conduct indicating that Montoya knew of a serious risk to Plaintiff's health or safety and acted with deliberate indifference to that risk, resulting in injury to Plaintiff. A single allegation of a failure to see Plaintiff for his allergies on a particular day fails to state a claim for relief.

Plaintiff also fails to state a claim for relief as to the supervisory defendants as noted

above. In the first amended complaint, Plaintiff names the supervisory defendants, and alleges that they "were on duty and present at the time" that Montoya declined to see Plaintiff. Plaintiff must allege conduct as to each of the named defendants indicating deliberate indifference. He has failed to do so here. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 10, 2008**          /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE