IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL ROWE,  )
     Plaintiff,  )
       )  No. 1:07-CV-272-CKJ
vs.  )
       )  **ORDER**
MONTOYA, et al.  )
       )
     Defendants.  )
_____ )

Plaintiff has filed a Dispositive Motion [Doc. #36]. Defendants have filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies or, in the Alternative, for Summary Judgment [Doc. # 37]. The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Similarly, the Ninth Circuit has required notice be provided when a motion to dismiss has been filed. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).[1]

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies or, in the Alternative, for Summary Judgment seeks to have your case dismissed. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b) or a motion for summary judgment pursuant to

---

[1] *See also* October 16, 2008, Second Informational Order, Motion to Dismiss Notice, and Summary Judgment Notice.

1   Fed.R.Civ.P. 56 will, if granted, end your case.

2   Rule 56 tells you what you must do in order to oppose a motion for summary
3   judgment. Generally, summary judgment must be granted when there is no genuine issue of
4   material fact – that is, if there is no real dispute about any fact that would affect the result
5   of your case, the party who asked for summary judgment is entitled to judgment as a matter
6   of law, which will end your case. When a party you are suing makes a motion for summary
7   judgment that is properly supported by declarations (or other sworn testimony), you cannot
8   simply rely on what your complaint says. Instead, you must set out specific facts in
9   declarations, depositions, answers to interrogatories, or authenticated documents, *see e.g.,*
10  Fed.R.Civ.P. 56(e), that contradict the facts shown in the Defendants' declarations and
11  documents and show that there is a genuine issue of material fact for trial. If you do not
12  submit your own evidence in opposition, summary judgment, if appropriate, may be entered
13  against you. This means that the case will end. Similarly, in considering a motion to dismiss
14  for failure to exhaust administrative remedies, the Court may look beyond the pleadings and
15  decide disputed issues of fact. *Wyatt*, 837 F.3d at 1119-20, *quoting 19 Ritza v. Int'l*
16  *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). You may
17  not simply rely on the allegations in the complaint. Rather, you must oppose the motion by
18  setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of
19  administrative remedies. *See Ritza*, 837 F.2d at 369. If the Court concludes that you have
20  not exhausted administrative remedies, the case will be dismissed without prejudice. *Wyatt*,
21  837 F.3d at 1120. This means that the case will end. If you exhaust administrative remedies
22  at a later date, you may file the case as a new action.

23  Local Rule 56-260 requires that you admit or deny the itemized facts asserted by the
24  moving party:

25      (b)  **Opposition.**   Any party opposing a motion for summary judgment or
    summary adjudication shall reproduce the itemized facts in the Statement of
26  Undisputed Facts and admit those facts that are undisputed and deny those that
    are disputed, including with each denial a citation to the particular portions of
27  any pleading, affidavit, deposition, interrogatory answer, admission or other
    document relied upon in support of that denial. The opposing party may also
28  file a concise "Statement of Disputed Facts," and the source thereof in the

- 2 -

>record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers. See L.R. 5-133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

L.R. 56-260. Additionally, the Local Rules include requirements regarding affidavits:

>**(a)** **Requirements.** An affidavit, see L.R. 1-101, submitted in support of any motion shall
>
>>(1) identify the affiant, the party or parties on whose behalf it is submitted, and the motion to which it pertains, see L.R. 5-133(h);
>>
>>(2) be served on all other parties and filed with the motion, opposition or reply to which it relates, unless accompanied by an affidavit of counsel purporting to show good cause for the separate filing thereof; and
>>
>>(3) identify and attach documents and exhibits offered in support of or in opposition to the motion, unless such documents and exhibits are already in the record and specifically referred to in the motion or opposition.
>
>**(b)** **Affidavits Referencing Depositions.** When deposition testimony is referenced in or appended to an affidavit, the party filing the affidavit shall comply with L.R. 5-133(j).

L.R. 43-142; *see also* L.R. 56-520(d).

>**(j)** **Depositions.** Depositions shall not be filed through CM/ECF. Prior to or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.

L.R. 5-133; *see also* L.R. 56-260(e)..

Additionally, **the Court advises Plaintiff and Defendants that the filing deadlines set forth in L.R. 78-230(m) and the October 16, 2008, Order are superceded as follows**: Any opposition to a disposive motion shall be filed within 30 days, plus 3 days for mailing, after the date of service of the dispositive motion. Additionally, any reply shall be filed within 15 days, plus 3 days for mailing, after the date of service of the opposition. The Court

1  also advises Plaintiff and Defendants that, unless otherwise permitted by the Court, a motion
2  including its supporting memorandum, and the response including its supporting
3  memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any
4  required statement of facts.  Unless otherwise permitted by the Court, a reply including its
5  supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
6  Attachments shall exclude materials extraneous to genuine issues of material fact or law.

7       Plaintiff is advised that non-compliance or failure to file an opposition may be deemed
8  a consent to the granting of the motion and the Court may dispose of the motion summarily.
9  *See generally* L.R. 78-230(m).

10      Therefore, Plaintiff is advised that you must timely respond to all motions.  You have
11 thirty-three (33) days from October 13, 2009 (the filing date of the Motion to Dismiss or, in
12 the Alternative, Motion for Summary Judgment) to respond to the Motion to Dismiss or, in
13 the Alternative, Motion for Summary Judgment.  If you do not respond to the Motion, your
14 failure to respond can be viewed as you agreeing to the Court granting the Motion.  If that
15 occurs, those claims addressed in the Motion will be dismissed and there will be no trial on
16 those claims.  *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

17      DATED this 16th day of October, 2009.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -